The opinion of the Court was delivered by
Colcock, J.
This ease was submitted without argument, the facts appearing satisfactorily, by the affidavit of the defendant, James W. Gadsden; and I am of opinion, that if the copy had been left at the place from which he removed in.November, the service would not have been good. The Act of 1736-7, says, the copy shall be left at the usual place of abode. (PI. 145. 1 Brev. Dig. 221, sec. 29.)[1] Some meaning must be allowed to the word usual, and I cannot conceive of a more proper meaning, than that of the abode of the defendant at the time of the service of the writ; whereas in the present case, a defendant has two places of residence. The former Act of 1720,[2]-says, “ the most usual and notorious place of the residence or habitation of the defendant,” and then, words which more strongly point to the place of residence occupied at the time of the service. But it does not appear satisfactorily, that the defendant in this case, was ever served by a copy left at either place of abode. There is no entry to that effect in the sheriff’s books ; and on reference to the writ itself, the formal return indorsed on the back of it, says, “ I have served the within named defendant,” where there are three defendants within named. So that it is not certain that a copy has been left with this defendant. Upon the whole, I am of opinion, that the verdict ought to be set aside, and that the defendants have all of them leave to enter their appearances and plead to the action.
Norr and Johnson, JJ., concurred.

 7 Stat. 190, § 5.

 3 Stat. 118, § 1.